ESTATE OF H. L. RUST, DECEASED, H. L. RUST, JR., AND BENJAMIN S. MINOR, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 95880.    Promulgated April 12, 1940.

*Henry Ravenel, Esq.*, for the petitioners.
*Philip A. Bayer, Esq.*, for the respondent.

### OPINION.

SMITH: This proceeding involves a deficiency of $4,141.13 in the income tax of H. L. Rust, deceased, for the year 1936. The only question in issue is whether taxes which the decedent paid to the District of Columbia in March 1936 on real estate which he purchased in September 1935 are deductible from his gross income for 1936.

The facts are stipulated.

Petitioners are the duly qualified and acting executors of the estate of H. L. Rust, under letters testamentary issued by the Probate Court for the District of Columbia. For many years prior to and at the time of his death H. L. Rust (hereinafter referred to as the decedent) was a resident of the District of Columbia.

The decedent filed his Federal income tax return for the year 1936 with the collector of internal revenue at Baltimore, Maryland.

On September 17, 1935, the decedent, as the holder of certain second mortgage trust notes, purchased at foreclosure sale certain real estate in the District of Columbia known as lot 299, square 2537, with improvements thereon known as 2101 Connecticut Avenue, N. W. The successful bid of the decedent was the sum of $275,000, subject to a prior deed of trust upon the property in the amount of $725,000. Under the terms of the sale the taxes were to be adjusted to the date of sale. Taxes for the fiscal year ended June 30, 1935, had been paid in full. Upon his bid price of $275,000 the decedent received a credit of $3,142.10 representing the portion of the taxes for the fiscal year ended June 30, 1936, allocable to the period July 1 to September 17, 1935.

On September 18, 1935, a deed to the property was executed and delivered to the decedent and the decedent continued to be the owner of the property throughout the year 1936.

On September 28, 1935, the decedent paid to the collector of taxes for the District of Columbia $7,441.67, being the first half of the real estate taxes assessed against the property for the fiscal year ended June 30, 1936.

On March 31, 1936, the decedent paid to the collector of taxes $7,441.67, being the second half of real estate taxes assessed against the property for the fiscal year ended June 30, 1936.

The record title to the property on July 1, 1935, was in the name of Kathleen M. Houghtaling. The real estate taxes for the fiscal year ended June 30, 1936, in the aggregate amount of $14,883.34, were regularly assessed against the property in accordance with the Code of the District of Columbia in the name of Kathleen M. Houghtaling. The property had been on the tax list of the District for a number of years prior to the year 1936 in her name. The real estate tax rate for the District for the fiscal year ended June 30, 1936, was fixed by the Commissioners on July 19, 1935.

The decedent kept his books of account and made his income tax return for 1936 on the cash receipts and disbursements basis. In his return for that year the decedent claimed the deduction of $7,441.67 of taxes paid to the District on March 31, 1936, but the deduction was disallowed by the respondent in the determination of the deficiency.

Such taxes were not capitalized in the decedent's accounts as part of 'the cost of the property but they have been so treated by the respondent in the determination of the deduction allowable for depreciation on the property for the year 1936.

At the request of the petitioners in this proceeding the deficiency of $4,141.13 asserted in the deficiency letter was assessed on the Commissioner's Maryland #3 list dated July 21, 1939, and was paid by the petitioners on July 27, 1939. It is stipulated that if the Board should hold that the taxes of $7,441.67 do not represent an allowable deduction for the year 1936, the deficiency of $4,141.13, as shown in the deficiency letter, is correct, and that, if the Board should determine that the taxes in question are an allowable deduction for the year 1936, petitioners have overpaid the Federal income tax of the decedent for the year 1936 in the amount of $3,931.41.

The only question for our determination is whether the taxes for the last half of the fiscal year ended June 30, 1936, on the real estate which the decedent acquired September 17, 1935, such taxes having been paid by the decedent on March 31, 1936, are deductible in the decedent's Federal income tax return for 1936. The respondent has determined that they are not; that under the laws of the District of Columbia the taxes in question accrued and became a lien against the property on July 1, 1935, the first day of the fiscal year ended June 30, 1936; and that, since the decedent did not acquire the property until September 17, 1935, such taxes constituted a part of the cost thereof.

The rule is well settled that the deduction for taxes paid on real estate is allowable only where the taxpayer is the owner of the property on the date when liability for the tax becomes definite and fixed, and that a purchaser of the property who pays taxes thereon

which had become a lien upon the property at the date of purchase is not entitled to a deduction for such taxes in his income tax return but must treat them as a part of the cost of the property. *John Hancock Mutual Life Insurance Co.*, 10 B. T. A. 736; *Grand Hotel Co.*, 21 B. T. A. 890; *California Sanitary Co., Ltd.*, 32 B. T. A. 122; *Theodore Plestcheeff*, 35 B. T. A. 508; affd., 100 Fed. (2d) 62; *Carl K. Lifson, Administrator*, 36 B. T. A. 593; affd., 98 Fed. (2d) 508; *Walsh-Maguire Co.* v. *Commissioner*, 97 Fed. (2d) 983.

The statutory provisions for the assessment and collection of taxes on both real and personal property in the District of Columbia are found in chapter 4, title 20, of the Code of the District of Columbia. The pertinent provisions of the Code are substantially as follows:

Section 621 provides that the fiscal year of the District of Columbia shall commence on the first day of July of each year.

Sections 671–678 provide for the designation of the several parcels of real estate by square and lot number.

Section 681 provides for the levy, for each and every fiscal year, of a tax on real and personal property subject to taxation in the District of Columbia at a rate to be fixed annually by the Commissioners of the District.

Section 691 directs the assessors to prepare annual tax ledgers at such time as will allow preparation of tax bills for collection purposes.

Section 696 provides for assessment in the name of the owner, with exceptions not here material.

Section 697 provides for the assessment and valuation of real property annually.

Section 700 requires the Board of Assistant Assessors annually on or or before the first Monday of January to make out and deliver to the assessor a return of the amount, description, and value of the real property subject to be listed for taxation in the District.

Section 702 requires the Board of Equalization and Review to convene on the first Monday of January in each year to equalize the value of real property made by the Board of Assistant Assessors and to hear complaints in respect of the assessed values.

Section 703 provides that:

The valuation of the real property made and equalized as aforesaid shall be completed as nearly as practicable on the first Monday of June, annually, after which date no other or further complaints as to valuations shall be received, and when approved by the commissioners shall constitute the basis of taxation for the next succeeding year and until another valuation is made according to law, except as hereinafter provided.

Section 704 provides that on or prior to July 1 of each year the Board of Assistant Assessors shall make a list of all real property which shall have become subject to tax and is not then on the tax list,

affixing value thereon. Complaints as to such values are to be heard and determined between the first and third Mondays of July of the same year.

Section 705 provides that:

In addition to the annual assessment of all real estate made on or prior to July 1 of each year there shall be added a list of all new buildings erected or under roof prior to January 1 of each year, in the same manner as provided by law for all annual additions; and the amounts thereof shall be added as assessments for the second half of the then current year payable in the month of March. The board of equalization and review, hereinbefore referred to, shall hear such complaints as may be made in respect of said assessments for the second half of said year and determine said complaints between the first and third Mondays of January of the same year.

Section 758 provides for the payment of real estate and personal property taxes in semiannual installments in the months of September and March, with penalties for delinquency. Exceptions are made in the case of taxes on family dwellings, which can be paid quarterly. (See secs. 740 and 741, Supplement 111.)

Sections 791–801 provide for the sale of real estate for delinquent taxes. The assessor is directed to prepare a list of real property on which taxes are in arrears on the first day of July of each year and the Commissioners are given authority to fix the date of sale. If no bid is received at the tax sale sufficient to pay the taxes due, the collector of taxes is authorized to bid the amount due, together with penalties and costs, and purchase the property for the District of Columbia. It is then provided in section 793 that the failure of the District "from any cause whatsoever, to enforce the liens acquired aforesaid shall not release the property from any tax whatsoever that may be due the District." Section 800 also refers to the tax lien held by the District of Columbia on any property bid in at the tax sale.

The respondent's contentions are that under the above provisions of the District of Columbia Code real estate taxes are assessed for each fiscal year as of July 1, the beginning of such year.

Ordinarily the listing and valuation for tax purposes of all real estate are required to be completed by the first Monday in June of each year, subject to a later adjustment not here material. The wording of section 705, "In addition to the annual assessment of all real estate made on or prior to July 1 of each year", carries the plain inference that as to property already listed and valued the "assessment" is made on or prior to July 1. Of course, the tax can not be determined in amount and actually assessed until the rate is fixed. It is stipulated, however, that the real estate tax rate for the year ended June 30, 1936, was fixed by the Commissioners on July 19, 1935. Thus it may be said that the amount of the tax on the real estate in question for the entire fiscal year ended June 30, 1936, had

become definite and fixed prior to the date of purchase of the property by the decedent in September 1935.

Does it follow that by reason thereof such taxes must be treated as a part of the cost of the property to the decedent?

The Federal taxing statute authorizes the deduction of "taxes paid or accrued within the taxable year." See section 23 (c) of the Revenue Act of 1934.

In *Commissioner* v. *Coward* (C. C. A., 3d Cir.), 110 Fed. (2d) 725, the court held, on facts quite similar to those in the instant case, that, where in a sale of real estate in the State of New Jersey the local taxes were adjusted to the date of sale, the purchaser was entitled to deduct in his Federal income tax return that portion of the taxes allocable to the period during which he was the owner of the property, although the taxes for the entire year had accrued prior to the date of purchase. In its opinion the court reasoned that the date of the "accrual" of the tax from an accounting standpoint was not controlling of the question of the right of the owner to the deduction of the taxes paid, and that:

* * * We must determine whether a given payment is a forced contribution to the expense of government [that is, a tax], or whether it is something else—a voluntary capital expenditure, for example. Its solution must lie in a close analysis of the transaction of payment. It cannot, in our judgment, be solved by any rule of thumb that a property owner's payment is not one of a tax on his property because a prior owner (on the accrual basis) might have been permitted to accrue it. For that permission to accrue may depend on technical exigencies of accounting utterly foreign to the later owner's economic position in actually making the payment. * * *

Turning then, to the decisions which have actually come to grips with the problem at bar, we find them suggesting two and only two types of transactions where real estate taxes are not "taxes" within the meaning of the statute. In the first, property is sold and the buyer promises the seller to pay certain taxes on the property. There, by express contract, the payment of taxes is part of the consideration for the sale, and not a payment *qua* taxes. *Falk Corp.* v. *Comm.*, 60 F. (2d) 204 (C. C. A. 7). It is also possible that such a contract might be implied in fact if the seller were personally liable for the tax, for it would be difficult otherwise to account for the buyer's munificence in paying it. See *Walsh-Maguire Co.* v. *Comm.*, 97 F. (2d) 983 (C. C. A. 6). The second transaction is the purchase of property to which a tax lien has attached. That property has in a sense two owners, the seller, and, through the lien, the state. Hence its full acquisition entails two payments, the nominal purchase price, and the taxes represented by the lien. Both have been treated alike as capital expenditures. Where, on the other hand, the tax payment falls into neither of these two categories—where it neither discharges (by contract, express or implied) the personal liability of another, nor what was originally a tax lien on another's property—the deduction has been permitted, *Comm.* v. *Plestcheeff*, 100 F. (2d) 62 (C. C. A. 6).

In the contract of sale here taxes were adjusted to the date of sale; that is, the purchaser contracted with the seller to pay only that

portion of the 1936 taxes allocable to the period during which he was the owner of the property. There was no statutory tax lien on the property at the time of the sale; for apparently under the laws of the District of Columbia a lien for taxes does not arise until the property is sold for delinquent taxes. (See Code of the District of Columbia, secs. 791–801).

The owner of real estate in the District of Columbia is not personally liable for the tax thereon as in the case of the personal property tax, but "the property itself stands charged with the tax and may be levied upon." *Tumulty* v. *District of Columbia*, 102 Fed. (2d) 254.

The taxes which the petitioners here seek to deduct are those for the latter half of the fiscal year commencing July 1, 1935, during all of which period the decedent was the owner of the property. Those taxes were not paid as a part of the purchase price, since in the purchase agreement taxes were adjusted to the date of the sale, the seller agreeing to pay that portion of the tax allocable to the period July 1 to September 17, 1935, while he was the owner, and the purchaser agreeing to pay the portion allocable to the remainder of the taxable year, when he was owner. Actually the decedent paid the taxes for the entire fiscal year commencing July 1, 1935, but of the taxes for the first half of the year amounting to $7,441.67, which he paid on September 28, 1935, $3,142.10 represented that portion of the tax allocable to the period preceding the sale and was credited against the purchase price. This amount was paid as a part of the purchase price of the property and so would not be deductible as a tax. That question, however, is not before us in this proceeding, the deduction here claimed being only for the $7,441.67 of taxes which the decedent paid March 31, 1936.

We are of the opinion that the amount in dispute, which was paid by the decedent as a tax on the property for the period during which he was the owner, is deductible in the decedent's income tax return as "taxes paid" within the taxable year.

Reviewed by the Board.

> *Decision will be entered that there is no deficiency in income tax for 1936 but an overpayment of $3,931.41, which is refundable under section 809 (a) of the Revenue Act of 1938.*

Leech, Turner, Harron, and Opper dissent.

Disney and Kern did not participate in the consideration of or decision in this report.